# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**JAMES E. AYERS**
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEES:

**CHRISTOPHER L. RIEGLER**
**KIMBERLY A. EMIL**
Hall, Render, Killian, Heath &
Lyman, P.C.
Indianapolis, Indiana

**FILED**
Mar 13 2012, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

RALPH WINFREY,                                    )
                                                 )
    Appellant-Plaintiff–Cross-Appellee,          )
                                                 )
        vs.                                  )    No. 06A01-1103-PL-132
                                                 )
NLMP, INC. and WITHAM HEALTH                      )
SERVICES,                                        )
                                                 )
    Appellees-Defendants–Cross-Appellants.      )

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kinkaid, Judge
Cause No. 06D01-0810-PL-609

**March 13, 2012**

**OPINION – FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Plaintiff–Cross-Appellee Ralph Winfrey appeals from the trial court's entry of summary judgment in favor of Appellees-Defendants–Cross-Appellants NLMP, Inc., and Witham Health Services ("Appellees").  Appellees cross-appeal, contending that the trial court abused its discretion in allowing the submission of certain designated evidence.  We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

NLMP owns a building at 2485 North Lebanon Street in Lebanon and leases space to Witham, who operates a medical office within.  On October 6, 2006, Winfrey attended a physician's appointment in the building and parked in the provided parking lot.  Directly adjacent to the parking lot is a sidewalk, on the other side of which is a grassy embankment leading down to a retention pond.  The property contained no signage, fencing, curbs, or other devices to alert visitors to the proximity of the pond to the parking lot.  Winfrey returned to his pickup truck only to find that another vehicle had parked such that he could not enter on the driver's side and could not simply pull forward out of the spot.

Winfrey backed his truck over the sidewalk, apparently in an attempt to maneuver his truck into a position to be able to drive around the other vehicle.  When Winfrey shifted back into forward gear, his tires could not gain any purchase on the embankment and his truck slid backward into the retention pond.  Winfrey was able to escape his flooding truck through the driver's side window.  Afterward, Winfrey experienced muscle and ligature pain in his legs and knees and back pain.

On October 2, 2008, Winfrey filed a complaint against Appellees for negligence, seeking damages for medical costs and pain and suffering and reimbursement for the loss of the truck. On June 30, 2010, Appellees filed a summary judgment motion. On November 18, 2010, Winfrey filed a response to Appellees' summary judgment motion, to which he attached an affidavit from Tip A. Bruce Scott, an architect who visited the scene of the accident on August 25, 2010. Based on his observations, Scott averred that there were several precautions that might have prevented Winfrey's loss, had they been taken. On February 4, 2011, Appellees filed a motion to strike Scott's affidavit. The trial court denied Appellees' motion to strike but granted their summary judgment motion on February 4, 2011.

## DISCUSSION AND DECISION

### I. Whether the Trial Court Erred in Granting Summary Judgment to Appellees

#### A. Summary Judgment Standard of Review

When reviewing the grant or denial of a summary judgment motion, we apply the same standard as the trial court. *Merchs. Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.*, 741 N.E.2d 383, 386 (Ind. Ct. App. 2000). Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id.* To prevail on a motion for summary judgment, a party must demonstrate that the undisputed material facts negate at least one element of the other party's claim. *Id.* Once the moving party has met this burden with a prima facie showing, the burden shifts

3

to the nonmoving party to establish that a genuine issue does in fact exist. *Id*. The party

appealing the summary judgment bears the burden of persuading us that the trial court

erred. *Id*.

## B. Negligence in General

> To prevail on a theory of negligence, a plaintiff must prove: (1) that the defendant owed plaintiff a duty; (2) that it breached the duty; and (3) that plaintiff's injury was proximately caused by the breach. *Dennis v. Greyhound Lines, Inc.*, 831 N.E.2d 171, 173 (Ind. Ct. App. 2005), *trans. denied*. Summary judgment is rarely appropriate in negligence cases because they are particularly fact sensitive and are governed by a standard of the objective reasonable person, which is best applied by a jury after hearing all the evidence. *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004). Nonetheless, summary judgment is appropriate when the undisputed material evidence negates one element of a negligence claim. *Id*. at 385. Whether a defendant owes a duty of care to a plaintiff is a question of law for the court to decide. *N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 466 (Ind. 2003).

*Ill. Bulk Carrier, Inc. v. Jackson*, 908 N.E.2d 248, 253 (Ind. Ct. App. 2009), *trans.*

*denied*.

## C. Nature of Duty of Landowner to Visitor

The central questions in this case seem to be the nature of Appellees' duty to

Winfrey, who was on Appellees' property to attend a doctor's appointment, and whether

that duty was breached.

> In Indiana, the status of a person when he is injured on the premises of another determines the duty owed to that person by the owner of the property. *Barbre v. Indianapolis Water Co.* (1980), Ind. App., 400 N.E.2d 1142. A person entering the land of another is either a trespasser, a licensee or an invitee. *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637. A landowner owes a trespasser the duty to refrain from willfully or wantonly injuring him after discovering his presence and owes a licensee the duty to refrain from willfully or wantonly injuring him or acting in a manner to increase his peril. *Id*. However, a landowner owes an invitee a duty to exercise

4

reasonable care for the invitee's protection while the invitee is on the landowner's premises. *Id.*

*Markle v. Hacienda Mexican Rest.*, 570 N.E.2d 969, 972 (Ind. Ct. App. 1991). "Under Indiana law, an invitee is a person who goes onto the land of another at the express or implied invitation of owner or occupant either to transact business or for the mutual benefit of invitee and owner or occupant." *Id.* at 971. "A licensee is one who enters premises of another for his own convenience, curiosity, or entertainment." *Id.*

All agree that Winfrey first entered Appellees' property as an invitee. The question is whether Winfrey's actions following his doctor's appointment transformed him into a licensee, lowering Appellees' standard of care to him. "[E]ven though a visitor may be an invitee when he comes on to the property, his status may change to that of a licensee while he is on the premises if the use to which he puts the property does not correspond to the owner's reason for holding the property open." *Id.* at 974. As a general rule, "[a] person's status on the land, along with the duty owed, is a matter left for determination by the trial court, not the jury." *Dunifon v. Iovino*, 665 N.E.2d 51, 55 (Ind. Ct. App. 1996), *trans. denied.*

We conclude that the designated evidence establishes as a matter of law that Winfrey was an invitee. As the *Markle* court stated,

> "An invitation to come on premises for one purpose does not invite entry for all purposes. The status of an invitee continues *only as long as he is using the premises for a purpose reasonably intended by the invitation, and when used for another purpose the invitee loses the status of invitee.* The invitee must use the owner's premises in the usual, ordinary, and customary way.
> "The inviter is under a duty to keep the premises which are within the scope of the invitation safe for all uses by the invitee, and he is not bound to keep

5

them safe for uses which are outside the scope and purpose of the invitation, for which the property was not designed, and *which could not reasonably have been anticipated, except where he is present and actively co-operates with the invitee in the particular use of the premises.*"

*Markle*, 570 N.E.2d at 974-75 (quoting 65 C.J.S. *Negligence* § 63(52) (1966), emphases in *Markle*).

There is no question that parking in the parking lot of a doctor's office is activity within the scope of an invitation to a doctor's appointment, as is leaving that parking space after the appointment. There is no indication in the record that Winfrey was attempting to do anything other than pull out of his parking spot and leave. We conclude that no reasonable jury could find that Winfrey's actions, however unusual they may have been due to his being blocked in, were outside the scope of the invitation. We therefore conclude that Winfrey never lost his status as an invitee as a matter of law.

### D.  Breach of Duty

Appellees also contend that there is no genuine issue of material fact regarding whether they breached their duty to him. "The question of the breach of a duty is usually one for the trier of fact." *Cox v. Paul*, 828 N.E.2d 907, 911 (Ind. 2005). "However, if any reasonable jury would conclude that a specific standard of care was or was not breached, the question of breach becomes a question of law for the court." *Id*. at 912.

Appellees contend that Winfrey's truck sliding into the retention pond was not reasonably foreseeable so there was no duty, as a matter of law, to warn him of such a possibility. "A landowner owes an invitee a duty to exercise reasonable care for the

6

invitee's protection while the invitee is on the landowner's premises." *Markle*, 570 N.E.2d at 972. The Indiana Supreme Court has elaborated on this duty as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind. 1990) (quoting RESTATEMENT (SECOND) OF TORTS § 343 (1965), emphasis added by *Douglass* court removed).

We cannot conclude, as a matter of law, that Appellees did or did not breach their duty of care to Winfrey if he remained an invitee. Whether a duty of care has been breached is only a question of law when the facts are undisputed and only one inference can be drawn from them. *N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 466 (Ind. 2003). The facts in this case do not lead to but one inference. As can be seen in the Restatement passage adopted by the *Douglass* Court, the question of whether the duty of care to an invitee has been breached involves several determinations regarding what was reasonable under the circumstances of the case. Questions of what is reasonable under the circumstances are generally best left to the jury. As previously mentioned, "[s]ummary judgment is rarely appropriate in negligence cases because they are particularly fact sensitive and are governed by a standard of the objective reasonable person, which is best applied by a jury after hearing all the evidence." *Rhodes*, 805 N.E.2d at 387.

### E. Whether Negligence can be Inferred from the Designated Evidence

On the question of summary judgment, Appellees finally contend that they are entitled to summary judgment because the designated evidence contains no evidence regarding a dangerous condition that might have caused Winfrey's truck to slide into the retention pond. To support this argument, Appellees draw our attention to *Scott County Family YMCA, Inc., v. Hobbs*, 817 N.E.2d 603 (Ind. Ct. App. 2004), *Hale v. Community Hospitals of Indianapolis, Inc.*, 567 N.E.2d 842 (Ind. Ct. App. 1991), and *Wright Corp. v. Quack*, 526 N.E.2d 216 (Ind. Ct. App. 1988), *trans. denied*, three negligence cases in which we determined that summary judgment in favor of the defendant was appropriate because the plaintiff designated no evidence of a dangerous condition that might have caused the damages at issue.

All three cases are distinguishable. Here, Winfrey designated evidence that details what he contends were the dangerous conditions that caused his damages. Namely, Winfrey designated evidence of a slippery embankment at a forty-five-degree angle on which his truck tires could gain no purchase, a lack of curbs or other barriers between the parking lot and the pond, and a pond of "extreme depth[,]" conditions that allegedly caused his truck to slide into the pond and then become completely submerged. Appellant's App. p. 32. In contrast, the plaintiffs in *Scott County Family YMCA*, *Hale*, and *Wright Corp.* designated nothing more than the mere fact of an accident on the defendants' properties. *See Scott Cnty. Family YMCA*, 817 N.E.2d at 604 (plaintiff slipped and fell but did not designate any evidence of water or foreign substance on floor), *Hale*, 567 N.E.2d at 843 (plaintiff fell and broke ankle at crosswalk but did not designate evidence of any defect at time of fall) and *Wright Corp.*, 526 N.E.2d at 216

8

(plaintiff fell and broke hip but failed to designate any evidence of foreign substance or negligent treatment or maintenance of floors). Summary judgment in favor of Appellees is not warranted on the basis that Winfrey's claim is based on nothing but "inferential speculation alone." *Wright Corp.*, 526 N.E.2d at 219.

## II. Whether the Trial Court Abused its Discretion in Denying Appellees' Motion to Strike Scott's Affidavit

Appellees contend that the trial court abused its discretion in denying its motion to strike Scott's affidavit, which was made on the basis that Scott's observation of the accident scene occurred too long after the accident to be relevant. This claim, however, has been rendered moot by our determination that the case should proceed to trial, a determination made without consideration of Scott's affidavit. Moreover, the question of whether Scott's testimony would be admissible at trial, if offered, is not yet ripe for consideration.

## CONCLUSION

We conclude that the trial court incorrectly granted summary judgment in favor of Appellees and remand for further proceedings consistent with this opinion. Moreover, we conclude that the question of whether Scott's affidavit should have been stricken is moot.

We reverse the judgment of the trial court and remand with instructions.

KIRSCH, J., and BARNES, J., concur.

9