# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**RONALD L. CROSS**
**ANDREW J. SICKMANN**
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

ATTORNEY FOR APPELLEES:

**NEHA M. MATTA**
Travelers Staff Counsel Office
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DONNA M. BROWN,                              )
                                             )
    Appellant-Plaintiff,                )
                                             )
      vs.                             )    No. 33A05-1301-PL-13
                                             )
PAUL F. BUCHMEIER and                        )
SALLY M. BUCHMEIER d/b/a                      )
FASHION TRENDS,                              )
                                             )
    Appellees-Defendants.               )

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-0805-PL-12

**July 22, 2013**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Donna M. Brown appeals the trial court's order granting summary judgment to Paul F. Buchmeier and Sally M. Buchmeier d/b/a Fashion Trends. Brown raises one issue which we revise and restate as whether the court erred in granting the Buchmeiers' motion for summary judgment. We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 20, 2006, Brown visited Fashion Trends looking for something to wear to a graduation ceremony for her grandchildren. Inside the store, Brown walked over to an area where there were steps for a landing. Earrings were displayed "on a board-like thing or something" and they were "more laid on the steps . . . of the landing." Appellants' Appendix at 44. Brown was "on a step and [she] fell off a step." Id. There were two steps "between the main floor and the landing in the area [in] which [Brown] fell." Id. at 47.

On May 16, 2008, Brown filed a complaint for breach of duty of care owed to a business invitee by an owner. Brown alleged that the Buchmeiers: (1) failed to mark the steps with any type of edge marking or other visual attraction that would warn a person traversing the stairs of the changes in elevation; (2) displayed some of their merchandise in areas located on each side of the steps thus inviting the attention of a business invitee to be directed toward the merchandise and diverted away from the stairs; and (3) failed to have a hand railing or other such safety device at any point in or around the stairs. Brown also alleged that she suffered a broken hip, bruises, closed head injury, pain, suffering and permanent impairment of her motor functions as a result of the fall.

On August 13, 2012, the Buchmeiers filed a motion for summary judgment and alleged that they were "entitled to summary judgment because Ms. Brown has no evidence of a breach of a duty or proximate cause as she is unable to identify what caused her to fall." Id. at 37. The Buchmeiers designated a deposition of Brown in which she indicated that she did not know what caused her fall. Specifically, the following exchange occurred during the direct examination of Brown during her deposition:

A    I just, I think what I did was I maybe thought I was up and then just – I don't know. I don't know how I did it.

Q    Okay.

A    But I mean I'm pretty sure I was on the step and then just fell off.

Q    The next thing you know you were down.

A    I was down. I don't know how it happened. I really don't.

Q    Okay. Do you recall if you tripped on something?

A    No.

* * * * *

Q    Can you tell me, though, why you fell?

A    No. I don't know.

* * * * *

Q    Do you think that you may have just forgotten you were on a step and stepped off, or do you know?

A    I don't know.

Id. at 44-45.

3

On August 27, 2012, Brown filed a response to the Buchmeiers' motion for summary judgment. Brown designated her complaint and an affidavit in which she stated that she went up some of the steps so that she could look at the earrings, that she forgot that she was standing on steps, took a step backwards and fell off of the steps. Brown also stated: "In my deposition I stated that I wasn't sure why I fell. This statement was meant to convey the idea that my attention had been directed away from the stairs and on to the earrings, and my mind was drawn away from my surroundings." Id. at 74.

On October 1, 2012, the court held a hearing and the Buchmeiers' attorney argued that Brown's affidavit should be disregarded. On October 26, 2012, the court granted the Buchmeiers' motion for summary judgment. On November 21, 2012, Brown filed a motion to correct error, which was later deemed denied.

## DISCUSSION

The issue is whether the court erred in granting the Buchmeiers' motion for summary judgment. Our standard of review for a trial court's grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); Mangold ex rel. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. Mangold, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. Id. We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. Id. at 974. In reviewing a grant of summary

4

judgment we face the same issues as the trial court and follow the same process.  Klinker v. First Merchs. Bank, N.A., 964 N.E.2d 190, 193 (Ind. 2012).  Under Trial Rule 56(C), the moving party bears the burden of making a *prima facie* showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Id.  If it is successful, the burden shifts to the nonmoving party to designate evidence establishing the existence of a genuine issue of material fact.  Id.

"In order to prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach."  Wabash Cnty. Young Men's Christian Ass'n, Inc. v. Thompson, 975 N.E.2d 362, 365 (Ind. Ct. App. 2012) (quoting Peters v. Forster, 804 N.E.2d 736, 738 (Ind. 2004)), reh'g denied, trans. denied.  "In negligence cases, summary judgment is 'rarely appropriate.'"  Id. (quoting Rhodes v. Wright, 805 N.E.2d 382, 387 (Ind. 2004)).  "This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence."  Id. (quoting Rhodes, 805 N.E.2d at 387).  "Nevertheless, a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claim."  Id.  "This court has long held that 'negligence cannot be inferred from the mere fact of an accident, absent special circumstances.'"  Taylor v. Cmty. Hosps. of Ind., Inc., 949 N.E.2d 361, 364 (Ind. Ct. App. 2011) (quoting Hale v. Cmty. Hosp. of Indianapolis, Inc., 567 N.E.2d 842, 843 (Ind. Ct. App. 1991)).  Moreover, negligence cannot be established through inferential speculation alone.  Id.  The mere allegation of a

5

fall is insufficient to establish negligence, and negligence cannot be inferred from the mere fact of a fall. Id. "The question of the breach of a duty is usually one for the trier of fact." Cox v. Paul, 828 N.E.2d 907, 911 (Ind. 2005). "However, if any reasonable jury would conclude that a specific standard of care was or was not breached, the question of breach becomes a question of law for the court." Id. at 912.

Brown argues without citation to the record that she "has designated evidence, both in her Complaint and Affidavit that show that the Appellee's store offered merchandise for resale located on stair-steps on which she was forced to stand in order to view the merchandise." Appellant's Brief at 11. Brown also argues without citation to the record that she "designated to the Trial Court that there were no edge-markings or hand-rails on or near the stair-steps to alert her to a change in elevation or to assist in traversing or standing on the stair-steps" and that "as a result of the placement of the merchandise on steps, she forgot about her surroundings and took a step backwards, causing her to fall and sustain injuries."[1] Id. Brown also contends that she "offered the Affidavit to the Trial Court to cure her mistaken statement in her Deposition." Id. at 12.

The Buchmeiers argue that they did not breach a duty of reasonable care to Brown, that Brown cannot point to any defects with the steps or any other negligent condition in the store which caused her fall, that Brown has "absolutely no idea how or why she fell," and that Brown has provided no basis in fact or reasonable inference to establish that a condition existed such that the Buchmeiers breached their duty of

---

[1] Ind. Appellate Rule 46(A)(8)(a) provides that "[t]he argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."

6

reasonable care to her. Appellees' Brief at 8. The Buchmeiers also contend that Brown's affidavit "serves only to squarely contradict her prior sworn deposition testimony which clearly indicates that Brown has no idea what caused her to fall." Id. at 10.

The Buchmeiers designated evidence that Brown did not know what caused her fall which was sufficient to meet their initial burden of showing that there was no genuine issue of material fact that would allow a trier of fact to find anything more than a mere accident and that the Buchmeiers were entitled to judgment as a matter of law. Accordingly, the responsive burden was placed on Brown to show that a genuine issue of material fact did indeed exist. See Scott Cnty. Family YMCA, Inc. v. Hobbs, 817 N.E.2d 603, 604-605 (Ind. Ct. App. 2004).

To the extent that Brown relies upon the allegations in her complaint, we observe that a nonmovant may not rest upon the pleadings when a movant meets his initial burden. See Crawford v. City of Muncie, 655 N.E.2d 614, 619 (Ind. Ct. App. 1995) ("To survive summary judgment, the nonmoving party may not merely rely upon the allegations in his complaint, but must come forward with sufficient factual allegations to establish the existence of genuine issues."), reh'g denied, trans. denied; Ind. Trial Rule 56(E) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").

Brown also relies on her affidavit; however, we cannot say that the affidavit succeeds in demonstrating an issue of fact. The affidavit states:

7

8.	After some time passed, I forgot that I was standing on steps and took a step backwards and fell off of the steps. In my deposition I stated that I wasn't sure why I fell. This statement was meant to convey the idea that my attention had been directed away from the stairs and on to the earrings, and my mind was drawn away from my surroundings.

9.	The steps off of which I fell did not have any form of markings to remind me that I was standing on steps while I was looking at merchandise that *Fashion Trends* held out for sale.

10.	The steps did not have any hand railings to help prevent my fall while I was standing on the steps looking at merchandise that *Fashion Trends* held out for sale.

Appellant's Appendix at 74-75. The suggestions in her affidavit that markings on the steps were necessary to "remind" her that she was on steps, and that hand railings were necessary "to help prevent" her fall, without more, do not serve to create an issue of material fact.[2] To the extent that Brown suggests in her designation of evidence that she fell as a result of looking at the merchandise for an extended period of time and taking a step backwards, we hold that any reasonable jury would conclude that the standard of care was not breached based merely upon this allegation. Further, Brown does not point to her deposition and our review does not reveal that she discussed hand railings or markings on steps during her deposition and when asked whether she thought that she may have just forgotten she was on a step and stepped off, she replied: "I don't know." Id. at 45. If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting her own prior testimony, this

---

[2] At the hearing, Brown's counsel stated: "Should this case go to trial we believe there is a DVD that shows the fall, and we believe that will show exactly how the plaintiff fell." Transcript at 9. Brown did not designate the DVD or any photographic evidence.

8

would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact. See Gaboury v. Ireland Rd. Grace Brethren, Inc., 446 N.E.2d 1310, 1314 (Ind. 1983). Consequently, we cannot say that Brown's affidavit raises an issue of fact.[3] See id. ("Gaboury's affidavit contradicts sworn statements in his deposition but he fails to offer any explanation for the discrepancies. We do not feel that issues of fact should be created in this manner and thus hold that 'contradictory testimony contained in an affidavit of the nonmovant may not be used by him to defeat a summary judgment motion where the only issue of fact raised by the affidavit is the credibility of the affiant.'") (quoting Wachovia Mortg. Co. v. Autry-Barker-Spurrier Real Estate, Inc., 39 N.C. App. 1, 9, 249 S.E.2d 727, 732 (1978)).

As to Brown's claim that her affidavit attempts "to cure her mistaken statement in her Deposition," Appellant's Brief at 12, again we cannot say that the affidavit creates an issue of fact. Brown argues that Winfrey v. NLMP, Inc., 963 N.E.2d 609 (Ind. Ct. App. 2012), is analogous. In Winfrey, Ralph Winfrey attended a physician's appointment in the building owned by NLMP, Inc. ("NLMP"). 963 N.E.2d at 611. Directly adjacent to

---

[3] Brown states that "[i]t is worth noting that the Defendants below never moved to strike Donna's Affidavit, and the same was submitted to the Trial Court at the Summary Judgment Hearing." Appellant's Brief at 12. We observe, however, that at the hearing, the Buchmeiers' attorney pointed to Crawfordsville Square, LLC v. Monroe Guar. Ins. Co., 906 N.E.2d 934, 941 (Ind. Ct. App. 2009), trans. denied, and argued that that case held that, where a deposition and affidavit are in conflict, the affidavit is to be disregarded. The Buchmeiers' attorney also stated:

> I point that case to the Court's attention just to, by way of saying that the affidavit submitted says well, I just forgot where I was and stepped off into space, that's my paraphrase, isn't sufficient to get over the prior deposition testimony particularly where Ms. Brown was point blank asked "do you think you just forgot where your [sic] were and stepped backwards" and her response was "I don't know", but even if you did receive that affidavit and consider it. What it doesn't tell you, and what it must tell you, is why that's a problem with the steps.

Transcript at 5.

the parking lot was a sidewalk, on the other side of which was a grassy embankment leading down to a retention pond. Id. The property contained no signage, fencing, curbs, or other devices to alert visitors to the proximity of the pond to the parking lot. Id. Winfrey returned to his pickup truck only to find that another vehicle had parked such that he could not enter on the driver's side and could not simply pull forward out of the spot. Id. Winfrey backed his truck over the sidewalk, apparently in an attempt to maneuver his truck into a position to be able to drive around the other vehicle. Id. When Winfrey shifted back into forward gear, his tires could not gain any traction on the embankment and his truck slid backward into the retention pond. Id. Winfrey was able to escape his flooding truck through the driver's side window. Id. Afterward, Winfrey experienced back pain and muscle and ligature pain in his legs and knees. Id.

Winfrey filed a complaint against NLMP alleging negligence, and NLMP filed a motion for summary judgment. Id. Winfrey filed a response and attached an affidavit from an architect who visited the scene of the accident and averred that there were several precautions that might have prevented Winfrey's loss, had they been taken. Id. The trial court granted NLMP's motion for summary judgment. Id.

On appeal, the court found Hobbs, Hale, and Wright Corp. v. Quack, 526 N.E.2d 216, 218-219 (Ind. Ct. App. 1988), trans. denied, distinguishable and observed that Winfrey designated evidence that details what he contended was a dangerous condition, namely, evidence of a slippery embankment at a forty-five-degree angle on which his truck tires could gain no traction, a lack of curbs or other barriers between the parking lot and the pond, and a pond of extreme depth. Id. at 614. The court reversed the trial

10

court's grant of NLMP's motion for summary judgment and held that summary judgment in favor of NLMP was not warranted on the basis that Winfrey's claim was based on nothing but inferential speculation alone. Id.

In Brown's filing titled "Plaintiff's Designation of Evidence," she stated: "The Plaintiff has alleged that the Defendants were negligent by breaching their duty of care owed the Plaintiff as a result of placing merchandise for resale on steps, all of which were absent any edge marking or hand railings, and which the Defendants deny." Appellant's Appendix at 65. In support of this proposition, she cited to her complaint and to "Exhibit 'D' Defendants' Answer to Plaintiff's Complaint Par 6." As previously stated, she could not rest merely upon her complaint. Further, Paragraph 6 of the Buchmeiers' answer merely denied the allegations contained in Paragraph 6 of the complaint.

Brown was clear in her deposition that she did not know why she fell and we cannot say that her designated evidence creates an issue of fact. Under the circumstances, we cannot say that the trial court erred in granting the Buchmeiers' motion for summary judgment. See Taylor, 949 N.E.2d at 366 (holding that the plaintiff's claim of negligence was based upon speculation and conjecture where she admitted that she neither saw nor felt anything on the floor prior to or in the moments after her fall and affirming the trial court's grant of summary judgment in favor of the hospital where the plaintiff fell); Hobbs, 817 N.E.2d at 604-605 (holding that the designated evidence presented by the plaintiff did not meet the responsive burden of showing that there was a genuine issue of material fact that warranted presentation of the case to a jury where the plaintiff stated that he did not see any water or any type of

11

foreign substance on the floor, did not observe any defects in the floor, and stated that it "just felt like I hit something wet and it just, it just slipped . . . like you slip on ice or something"); see also Wright Corp., 526 N.E.2d at 218-219 (reversing a jury verdict in favor of plaintiff where plaintiff testified that she did not know why she fell and concluding that considering the evidence and all reasonable inferences therefrom most favorably to the plaintiff, reasonable men could not conclude that Wright was negligent).

For the foregoing reasons, we affirm the trial court's order granting summary judgment to the Buchmeiers.

Affirmed.

RILEY, J., and BRADFORD, J., concur.