

**FILED**

Sep 07 2017, 8:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael E. Polen, Jr.
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Douglas B. Bates
Chelsea R. Stanley
Jeffersonville, Indiana

Zachary M. VanVactor
Louisville, Kentucky

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carol Walters, | September 7, 2017 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 64A03-1702-CT-421 |
| v. | Appeal from the Porter Superior Court |
| JS Aviation, Inc. d/b/a Eagle Aircraft, | The Honorable Mary R. Harper, Judge |
| *Appellee-Defendant* | Trial Court Cause No. 64D05-1410-CT-8841 |

**Altice, Judge.**

### Case Summary

[1]     Carol Walters attended an open house at JS Aviation, Inc. d/b/a Eagle Aircraft (JS Aviation) and fell as she walked through a doorway from the pilot's lounge to the hangar. Just after the threshold was a five-and-one-quarter inch step

down into the hangar that she did not notice. Walters filed suit against JS Aviation for injuries resulting from her fall, and JS Aviation sought summary judgment, which the trial court granted. On appeal, Walters argues that summary judgment was improperly granted.

[2] We reverse and remand.

## Facts & Procedural History

[3] JS Aviation operates a flight school at the Porter County Regional Airport, which Walters's husband attended. On the morning of April 26, 2014, Walters, her husband, and her seven-year-old grandson arrived early at JS Aviation for an open house. They entered at the front of the pilot's lounge. On the other side of the lounge was the entrance to the hangar through a set of double doors. These doors were usually kept closed but were opened wide into the lounge that day for the event. When the doors were open like this, it was customary for JS Aviation to place chairs in front of the doors with signs on them warning people to watch their step. Because Walters arrived to the event early, the chairs were not in place yet.

[4] Shortly after their arrival, Walters's grandson saw a plane in the hangar and walked in that direction. The hangar was brightly lit, while the lounge was much more dim. Walters followed a few steps behind her grandson as she looked straight ahead toward him and the plane. She did not notice that there was a step down into the hangar. Nor did she see warning signs on one of the opened doors and on the floor. As she passed through the doorway, Walters

missed the step down and fell.[1]  Walters acknowledged that if she had looked down at that exact moment, she would have seen the step.  Walters, however, perceived the floor surface as "one flat level" extending from the lounge into the hanger.  *Appellant's Appendix* at 134.

[5]  The step down to the hangar is five-and-one-quarter inches and occurs within a few inches of the threshold on the hangar-side of the doors.  Facing up on the floor, just before the step, is a red sign with white letters stating:

**!!!CAUTION!!!**
**WATCH YOUR STEP**
**STEP UP**

*Id*. at 82.  The wording is oriented to be read from the hangar but is also visible from inside the lounge.  There was a similar red warning sign placed about eye level on one of the white doors that was opened into the lounge.  Another sign on the wall of the lounge, warning of a step down, was obscured by the open door.  Further, on either side of the silver, metal threshold and step lay black nonslip mats.  Walters described these mats as appearing to be one carpet.

[6]  On October 8, 2014, Walters filed the instant action alleging premises liability and seeking damages for injuries she sustained from the fall.[2]  Two years later,

---

[1] Later that day, Walters posted on social media about going to the airport and her fall: "Well, I went with Danny and Mason to Valparaiso airport.  So excited I didn't watch my step and fell.  Hurt my ankle.  Going to drop off Mason go to ER.  I'm so mad.  Had a nice day planned for us."  *Appellant's Appendix* at 75.

[2] Walters has not alleged that the step was in violation of any construction standard or building code.

JS Aviation moved for summary judgment. The trial court held a hearing on January 9, 2016, and thereafter issued an order granting summary judgment in favor of JS Aviation. Walters now appeals.

## Discussion & Decision

We review a grant of summary judgment de novo, in the same way as the trial court. *Hughley v. State,* 15 N.E.3d 1000, 1003 (Ind. 2014). We will affirm such a ruling only if, after drawing all reasonable inferences in favor of the non-moving party, the designated evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (quoting *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009)).

A summary judgment movant bears the initial burden of demonstrating the absence of any genuine issue of fact on a determinative issue. *Id.* If the movant does so, the non-movant then bears the burden of coming forward with contrary evidence showing an issue for the trier of fact. *Id.* We must carefully review a grant of summary judgment to ensure that a party was not improperly denied its day in court. *Id.*

To prevail on a claim of negligence, a plaintiff must prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury to the

plaintiff proximately caused by the breach. *Brown v. Buchmeier*, 994 N.E.2d 291, 294 (Ind. Ct. App. 2013). Summary judgment is generally inappropriate in negligence cases because issues of contributory negligence, causation, and reasonable care are fact sensitive and more appropriately left for the trier of fact. *Coffman v. PSI Energy, Inc.*, 815 N.E.2d 522, 527 (Ind. Ct. App. 2004). Nonetheless, a defendant is entitled to summary judgment when the undisputed material facts negate at least one element of the plaintiff's case. *Brown*, 994 N.E.2d at 294. Further, although the question of breach is usually one for the trier of fact, "if any reasonable jury would conclude that a specific standard of care was or was not breached, the question of breach becomes a question of law for the court." *Id.* (quoting *Cox v. Paul*, 828 N.E.2d 907, 911 (Ind. 2005)).

[10] In this case, the parties agree that Walters was JS Aviation's business invitee and, thus, Section 343 of the Restatement (Second) of Torts applies.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

*Yost v. Wabash Coll.,* 3 N.E.3d 509, 515 (Ind. 2014). Under Indiana law, it is well-settled that, although a landowner must exercise reasonable care for the safety of invitees, the landowner is not an insurer of the invitee's safety. *Schulz v. Kroger Co.,* 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012).

[11] "Conditions posing only a reasonable risk of harm do not trigger a landowner's duty to protect and cannot support a finding of premises liability against a landowner." *Pickens v. Wal-Mart Stores E., LP*, 2015 WL 4997064 (N.D. Ind. Aug. 20, 2015). In granting summary judgment in favor of JS Aviation, the trial court appears to have concluded as a matter of law that "an unexpected step down is not an 'unreasonable risk of harm.'" *Appellant's Appendix* at 12. We cannot agree. Steps and stairs are an everyday occurrence, and invitees are generally expected to see them and know how to use them. However, under the specific facts of a particular case, a step's character, location, or surrounding conditions may create an unreasonable risk of harm to an invitee. *See Milby v. Pace Pontiac, Inc.*, 176 So.2d 554, 556 (Fla. Dist. Ct. App. 1965); *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 188-190 (Mich. 1995).

[12] In this case, it is notable that JS Aviation thought this step enough of a hazard to call for multiple warnings. Indeed, this step down occurred in an unlikely spot – almost immediately after the threshold. There were also nonslip mats on either side of the step, which led Walters to perceive the floor as "one flat level" surface extending from the lounge into the hangar. *Appellant's Appendix* at 134. Additionally, the lighting between the lounge and the hangar was significantly different. We conclude that these circumstances present an issue of fact

regarding whether the step presented an unreasonable risk of harm to invitees. For these same reasons, a question of fact exists regarding whether JS Aviation should have anticipated that an invitee would not see the step.

[13] We are left to determine whether, as a matter of law, JS Aviation exercised reasonable care to protect invitees against the danger posed by the step. The record establishes that warning signs were attached to the ground next to the hangar side of the threshold and on the open door. Both warned: "!!!CAUTION!!! WATCH YOUR STEP".[3] *Appellant's Appendix* at 80, 82. Had the doors been closed, as they usually were, it is likely Walters would have observed the eye-level warning sign on the door. With the doors opened into the lounge, however, the sign on the door was off to the side and not as obvious to someone walking from the lounge to the brightly-lit hangar. This is likely why JS Aviation usually chose to put chairs with additional signage in front of the open doors during events.

[14] Viewing the facts and inferences most favorable to Walters, we find them adequate to present triable issues of fact as to whether JS Aviation breached its duty of reasonable care and was a contributing cause to Walters's injuries. Thus, the trial court erred in granting summary judgment.

[15] Judgment reversed and cause remanded.

---

[3] While the signs also indicated that it was a step up rather than a step down, there is no indication that this inaccuracy was a factor in causing Walters's fall.

Kirsch, J. and Mathias, J., concur.