Mary and Steve BOOHER,
Appellants–Plaintiffs,

v.

SHEERAM, LLC d/b/a Hampton Inn
of Elkhart, Appellee–Defendant.

No. 20A03–1005–CT–338.

Court of Appeals of Indiana.

Nov. 15, 2010.

Rehearing Denied Jan. 18, 2011.

Douglas A. Mulvaney, Elkhart, IN, Attorney for Appellants.

Mark D. Gerth, Kightlinger & Gray, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

An attorney was facing major surgery and attempting to work with an expert who was unable to get a report completed in a timely fashion. Consequently, the attorney contacted opposing counsel to explain that an extension of time to file his

client's designated evidence in opposition to summary judgment would be needed. Opposing counsel agreed that an extension would be acceptable. Although we encourage collegiality among members of the legal profession, the attorney here should also have filed a formal request with the trial court for an extension of time. Having failed to do so, the trial court was without discretion to accept the technically late-filed documents.

Appellants-plaintiffs Mary and Steve Booher appeal the trial court's order granting summary judgment in favor of appellee-defendant Sheeram LLC d/b/a Hampton Inn of Elkhart (Hampton Inn) on the Boohers' negligence complaint. The Boohers argue that the trial court erroneously struck their designation of material facts in opposition to Hampton Inn's summary judgment motion as untimely. They also contend that there are issues of material fact precluding summary judgment. Finding no error and no issues of fact, we affirm.

## FACTS

Before April 2004, Hampton Inn had received complaints that the bathtubs in its guest rooms were slippery. Consequently, Hampton Inn contracted with Perma Safety to coat the bathtubs with a non-skid surface in April 2004. Perma Safety coated an area fifteen inches wide by thirty-eight inches long, which did not cover the entire surface of the bottom of the bathtubs but complied with industry safety standards. On September 4, 2004, Mary was a guest at Hampton Inn when she slipped and fell in a bathtub in her guest room, sustaining injuries as a result.

On September 5, 2006, the Boohers filed a complaint against Hampton Inn, alleging that Hampton Inn was negligent in its maintenance of the bathtub and that its negligence caused her injuries. On April 18, 2008, Hampton Inn filed a motion for summary judgment, making the Boohers' answer due on May 18, 2008. The Boohers filed a timely request for an extension of time, which the trial court granted, extending the due date until August 18, 2008. On August 15, the Boohers filed a second request for an extension of time, which the trial court granted, again extending the due date until November 7, 2008.

On October 23, 2008, the Boohers' expert contacted their attorney, explaining that he needed extra time to complete his report because he was having difficulty obtaining a necessary document and was scheduled to be out of the country from October 28 through November 7. Additionally, the Boohers' attorney was preparing for major surgery on October 24, which would cause counsel to be in the hospital for two days and away from work for an additional two weeks. On October 27, counsel's legal assistant contacted the office of Hampton Inn's attorney, leaving a voicemail explaining the situation and requesting an additional three weeks to file the responsive documents to the summary judgment motion. The legal assistant of Hampton Inn's attorney contacted the Booher counsel's legal assistant the same day, stating that a three-week extension from November 7 was acceptable. The Boohers did not file a formal request for an extension of time with the trial court, relying on Hampton Inn's representation that an additional three weeks was acceptable.

On November 26, 2008, the Boohers filed its material designation of facts in opposition to the summary judgment motion together with the affidavit of their expert, Stephen Li. The Boohers filed a supplemental pleading on December 18, 2008, which did not supply any additional facts but provided additional legal authority.

On December 24, 2008, Hampton Inn filed a motion to strike the Boohers' material designation of facts, expert affidavit, and supplemental pleading. Hampton Inn stated that it "readily admits that if Plaintiff had sought an extension of time ... Defendant would not have objected to such motion...." Appellants' App. p. 97. The trial court granted the motion to strike without a hearing on February 10, 2009, finding that "[u]nder T.R. 56, a trial court has no discretion to consider a response to a summary judgment motion filed outside the thirty (30) days provided under the rule or any timely extension of the imposed deadline." *Id.* at 106.

Following a summary judgment hearing, the trial court entered summary judgment in Hampton Inn's favor on May 5, 2010. The trial court reaffirmed its decision to strike the Boohers' documents, stating that it would not rely on any responsive pleadings that the Boohers had filed. Consequently, it found as a matter of law that Hampton Inn had not breached a duty to the Boohers and that summary judgment was warranted. The Boohers now appeal.

## DISCUSSION AND DECISION

### I. *Motion to Strike*

■ The Boohers first argue that the trial court erred by granting Hampton Inn's motion to strike their designation of material facts and expert affidavit. Trial Rule 56(C) provides that a party opposing a motion for summary judgment has thirty days after service of the motion to serve a response and any opposing affidavits. Trial courts are authorized to "alter any time limit set forth in this rule *upon motion made within the applicable time limit*," if cause is found. Ind. Trial Rule 56(I) (emphasis added). Our Supreme Court has explained that the following "bright line rule" applies to this situation:

"[W]here a nonmoving party fails to respond within thirty days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit under Rule 56(F) indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response under 56(I), the trial court lacks discretion to permit that party to thereafter file a response. In other words, *a trial court may exercise discretion and alter time limits under 56(I) only if the nonmoving party has responded or sought an extension within thirty days from the date the moving party filed for summary judgment.*"

*HomEq Servicing Corp. v. Baker,* 883 N.E.2d 95, 98 (Ind.2008) (quoting *Desai v. Croy,* 805 N.E.2d 844, 849 (Ind.Ct.App. 2004)) (emphasis added).

Here, the Boohers twice sought and received extensions to respond to Hampton Inn's summary judgment motion. When their second extension was about to expire, they contacted Hampton Inn to explain that they needed three more weeks. Hampton Inn indicated that it would not oppose a third extension of time. The Boohers, however, failed to file a request with the trial court for a third extension before their deadline passed. Pursuant to the bright line rule set forth above, therefore, the trial court was without discretion to accept the late-filed documents. This would have been the case even if Hampton Inn had not objected.

Although we encourage collegiality among members of the legal profession and endeavor to promote cooperation and conflict resolution outside the walls of the courthouse, in certain circumstances parties must still seek formal relief directly from the trial court. Our Supreme Court has held that this is an example of such a circumstance. Consequently, while we do

not find fault with the Boohers' attorney's decision to rely on the word of opposing counsel, unfortunately that reliance was not enough—he should still have filed a motion for extension of time with the trial court.

We acknowledge, as did the trial court, that the Boohers' attorney was working under extraordinarily difficult circumstances—an expert who was out of the country and unable to complete his report in a timely fashion together with a major surgery endured by counsel certainly constituted cause to extend the deadline by three more weeks. Our proverbial hands are tied, however, inasmuch as our Supreme Court has made it clear that the trial court simply had no discretion to accept the untimely filed documents, regardless of the circumstances. Therefore, we are compelled to affirm the trial court's decision to strike those documents.

## II. Summary Judgment

The Boohers also argue that even if the trial court properly granted Hampton Inn's motion to strike, there are issues of material fact such that summary judgment was inappropriately granted. Summary judgment is appropriate only if the pleadings and evidence considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 909 (Ind.2001); *see also* T.R. 56(C). On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party. *Owens Corning*, 754 N.E.2d at 909. Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* If there is any doubt as to what conclusion a jury could reach, then summary judgment is improper. *Id.*

■ A hotel guest is a business invitee of the hotel owner. *Hopper v. Colonial Motel Properties, Inc.*, 762 N.E.2d 181, 188 (Ind.Ct.App.2002). While a landowner's duty to business invitees includes a duty to exercise reasonable care to protect them from foreseeable dangers on the premises, there is no duty to insure a business invitee's safety while on the premises. *Id.* at 188–89.

■ The record reveals that after receiving a number of complaints about its bathtubs being slippery, Hampton Inn hired Perma Safety to install non-skid coatings in the bathtubs. The President of Perma Safety attested as follows:

4. That Perma Safety representatives determined, based on the common usage and design of the bathtubs, which portions should be coated with the non-skid surface.

5. That Perma Safety representatives coated all portions of the bathtubs, which they believed a bather might be expected to stop, stand, sit, or come in contact with while bathing or showering.

\*     \*     \*

8. That, based on the [slip resistance] test results ..., the non-skid surface applied to the bathtub does comply with the slip resistance requirement of [the relevant industry standard].

Appellant's App. p. 52–53. In other words, the undisputed evidence establishes that when Hampton Inn realized there was a problem, it retained an expert to fix the problem. The expert determined, according to industry standard, where to apply the non-skid coating, and after the coating was applied, the expert confirmed that it complied with industry safety standards. For the nearly five months between the application of the non-skid surfaces and

Mary's accident, Hampton Inn received no guest complaints about slippery bathtubs.

Under these circumstances and based on this record, we find as a matter of law that the Boohers have failed to establish that Hampton Inn breached its duty to them. Consequently, the trial court properly entered summary judgment in Hampton Inn's favor.

The judgment of the trial court is affirmed.

BAILEY, J., and MATHIAS, J., concur.