RUCKER, J.,
dissenting.
A "possessor" of land is defined as "(a) a person who is in occupation of the land with intent to control it or (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b)." Restatement (Second) of Torts § 828E (1965). It appears that the critical inquiry in determining whether a party is a "possessor" as defined in Section 328E is the notion of control over the property. "Only the party who controls the land can remedy the hazardous conditions which exist upon it...." Rhodes v. Wright, 805 N.E.2d 382, 385 (Ind.2004) (citation omitted). "Control" in turn, is defined in part as "the power or authority to manage, direct, or oversee." Black's Law Dictionary 358 (8th ed.2004).
In my view there is no question that Jackson exercised some degree of control over the property notwithstanding he had sold it on contract to Smith. At the very least there is a dispute of fact on this point, and summary judgment in Jackson's favor was inappropriate. I therefore agree with the Court of Appeals majority and would reverse the judgment of the trial court.
DICKSON, J., concurs.