**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Nov 08 2012, 9:47 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RONALD S. TODD**
Ronald S. Todd, P.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**MARK D. GERTH**
**STEVEN E. SPRINGER**
**MICHAEL WROBLEWSKI**
Kightlinger & Gray, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| JEFF CLADE, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-CT-509 |
| | ) | |
| HUNT CONSTRUCTION GROUP, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
Cause No. 49D12-0902-CT-07192

**November 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Jeff Clade ("Clade") appeals a grant of summary judgment in favor of Hunt Construction Group, Inc. ("Hunt") upon Clade's negligence claim. We reverse and remand.

**Issue**

Clade presents a single, consolidated issue: whether the trial court erroneously granted summary judgment to Hunt upon concluding that Hunt owed no duty of care to Clade.

**Facts and Procedural History**

In February of 2008, Hunt was the Construction Manager for the Lucas Oil Stadium construction project in Indianapolis ("the Project"), and D.A.G. Construction Company, Inc. ("D.A.G.") was a subcontractor. D.A.G. employed Clade as a construction laborer on the Project. On February 2, Clade arrived for work and was injured while walking down a ramp "in the end zone." (Appellee's App. 11).

On February 11, 2009, Clade filed suit against Hunt, alleging that the ramp had ice on it and Hunt had been negligent in this regard.[1] The parties, who disputed whether Hunt had any duty to Clade, each filed a summary judgment motion. Clade requested partial summary judgment on the issue of duty; Hunt requested summary judgment upon the negligence claim.

---

[1] The Complaint asserts: "As a direct and proximate result of Hunt's negligence, Jeff suffered severe and permanent injuries[.]" (Appellee's App. 11.) Despite later references in summary judgment materials to a vicarious liability claim, the Complaint for Damages does not include a separate count alleging that Hunt was vicariously liable for a subcontractor's negligence in the performance of his or her work. Clade reiterates that his claim is similar to that regarding provision of parking lot security in King v. Northwest Security, 790 N.E.2d 474, 486 (Ind. 2003), a claim characterized by the Indiana Supreme Court as "a tort claim for simple negligence." Appellant's Brief at 21.

The trial court conducted a summary judgment hearing in January of 2011. Designated materials apparently[2] included the "Agreement Between Owner [The Indiana Stadium and Convention Building Authority] and Construction Manager [Hunt]" ("the Stadium/Hunt Contract"). (App. 56.) The Stadium/Hunt Contract contained the following language:

> The Construction Manager shall consult and cooperate with the Architect and Owner as to boundary coordination issues applicable to the construction of Project, which coordination of services shall specifically address: . . .
> Proper and efficient means of ingress to and egress from the Project site and the improvements under construction thereon during the construction phase.

(App. 57.) D.A.G.'s contract with the Indiana Stadium required D.A.G. to use paths designated by Hunt. There was no contract between Hunt and D.A.G.

On March 21, 2011, the trial court granted Clade partial summary judgment, finding that Hunt had a contractual nondelegable duty for proper and efficient means of ingress and egress from the Project. Contemporaneously, the trial court struck two paragraphs from the Affidavit of Dale White ("White"), a D.A.G. employee, wherein White averred that D.A.G., as part of general jobsite cleanup, had responsibility for the removal of snow and ice at the Project.

Hunt filed a motion to reconsider, which was granted by the trial court on May 30, 2012. The trial court granted Hunt summary judgment, concluding that, based upon Hunt Constr. Grp., Inc. v. Garrett, 964 N.E.2d 222 (Ind. 2012) (hereinafter "Garrett"), Hunt did not

---

[2] The appellate record is very sparse. Although the Appellant's Appendix and Appellee's Appendix contain various materials (including the Stadium/Hunt Contract, some full and partial depositions, and the White Affidavit with no acknowledgement of the stricken paragraphs), there is no document apprising this Court of the materials specifically designated to the trial court. It is, however, apparent from the trial court's orders that the Stadium/Hunt Contract was considered.

3

have a non-delegable duty to Clade "regarding jobsite safety on the ingress and egress routes on the Project site." (App. 36.) Clade appeals.

**Discussion and Decision**

I.  Standard of Review

A party seeking summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Smith v. City of Hammond, 848 N.E.2d 333, 337 (Ind. Ct. App. 2006), trans. denied. Once the movant satisfies this burden through evidence designated to the trial court pursuant to Indiana Trial Rule 56, the non-movant may not rest upon its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. Id.

A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. Huntington v. Riggs, 862 N.E.2d 1263, 1266 (Ind. Ct. App. 2007), trans. denied.

On review, we apply the same standard as the trial court:  we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to judgment as a matter of law. Carie v. PSI Energy, Inc., 715 N.E.2d 853, 855 (Ind. 1999). In so doing, we consider only those portions of the pleadings, depositions, and other matters specifically designated to the trial court by the parties for purposes of the motion. Ind. Trial Rule 56(C), (H). We accept as true those facts alleged by the non-moving party, which are supported by affidavit or other evidence. McDonald v.

4

Lattire, 844 N.E.2d 206, 212 (Ind. Ct. App. 2006).

The trial court's order granting summary judgment is cloaked with a presumption of validity and the appellant bears the burden of demonstrating that the trial court erred. Heritage Dev. of Indiana, Inc. v. Opportunity Options, Inc., 773 N.E.2d 881, 888 (Ind. Ct. App. 2002), trans. dismissed. A grant of summary judgment may be sustained on any theory or basis supported by the designated materials. Smith v. Yang, 829 N.E.2d 624, 625 (Ind. Ct. App. 2005).

A defendant is liable to a plaintiff for the tort of negligence if (1) the defendant has a duty to conform its conduct to a standard of care arising from its relationship with the plaintiff, (2) the defendant has failed to conform its conduct to that standard of care, and (3) an injury to the plaintiff was proximately caused by the breach. Indianapolis-Marion Cnty. Pub. Library v. Charlier Clark & Linard, P.C., 929 N.E.2d 722, 726 (Ind. 2010). In negligence cases, summary judgment is "rarely appropriate." Rhodes v. Wright, 805 N.E.2d 382, 387 (Ind. 2004). However, a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claim. Id. at 385. Whether there is a legal duty owed by one party to another in a negligence action is generally a question of law for the court to decide. Chandradat v. State, Ind. Dep't of Transp., 830 N.E.2d 904, 908 (Ind. Ct. App. 2005), trans. denied.

## II. Analysis

Hunt contends, and the trial court agreed, that Hunt is entitled to summary judgment because, in light of Garrett, it has no duty to Clade. In that case, Shannon Garrett, an

5

employee of a concrete subcontractor on the Project, was injured when one of her coworkers dropped a piece of wood and it struck Garrett. 964 N.E.2d at 223. She sued Hunt for negligence damages, contending that Hunt, as Construction Manager of the Project, had a legal duty of care for jobsite-employee safety. Id.

The trial court ruled that Hunt could be held vicariously liable for the actions of Baker Concrete, and certified its ruling for interlocutory appeal. Id. at 224. The Court of Appeals accepted the appeal, held that Hunt was not vicariously liable to Garrett for any negligence of Baker Concrete, and divided on whether Hunt owed a duty to Garrett such that Hunt might be liable to her for negligence. Id. The Indiana Supreme Court accepted transfer, summarily affirmed the Court of Appeals decision reversing the trial court on the issue of vicarious liability, and addressed the availability of a negligence claim against Hunt. Id. The Court noted that the parties had discussed the concept of "nondelegable duties" but found this concept applied only to the issue of vicarious liability. Id. at n.3.

Initially, the Court observed that an employee's rights and remedies against his employer on account of jobsite injuries are governed by the Indiana Worker's Compensation Act, but the Act does not restrict an injured employee from pursuing a claim against any "other person." Id. (citing Ind. Code § 22-3-2-13). The Court recognized that, "when the employee of a contractor or subcontractor is injured in a workplace accident on a jobsite where a construction manager arrangement[3] is in place, the employee sometimes seeks to

---

[3] Construction management is an alternative to the conventional approach to large construction projects. A construction manager is not a general contractor, but contracts with the owner to undertake a variety of responsibilities. The other contractors on the project also contract directly with the owner. Id. at 225.

recover from the construction manager." Id. at 225.

The Court revisited Plan-Tec, Inc. v. Wiggins, 443 N.E.2d 1212 (Ind. Ct. App. 1983), finding that it provided "a good template for analyzing [a] claim of negligence against a construction manager for jobsite injuries suffered by a subcontractor's employee." Id. at 226. The holding of Plan-Tec was summarized as:

> (1)    where the construction-management contract did not impose any obligation on the construction manager for jobsite-employee safety and contracts with project contractors provided that job-site safety was the responsibility of the contractors and not the construction manager, the construction manager had no duty of care for jobsite-employee safety; but
> (2)    where the construction manager took specific actions related to employee safety, there was an issue of fact as to whether it had assumed a legal duty of care for employee safety.

Id.

Accordingly, whether a construction manager owes an employee a legal duty of care for jobsite-employee safety requires answering: (1) whether a duty was imposed upon the construction manager by a contract to which it was a party; and (2) whether the construction manager assumed such a duty, either gratuitously or voluntarily. Id. Ultimately, the Court concluded that the contract itself did not impose upon Hunt any legal duty of care for jobsite-employee safety. Id. at 231. Also, Hunt had not undertaken any jobsite-safety actions beyond those required by the contract; thus, Hunt had not assumed by conduct any legal duty of care for jobsite-employee safety. Id.

Here, as in Garrett, the Stadium/Hunt Contract provided that Hunt's services were to be rendered solely for the benefit of the owner. Likewise, the Stadium/Hunt Contract itself

did not impose upon Hunt any "specific legal duty to or responsibility for the safety of all employees at the construction site." Garrett, 964 N.E.2d at 227. However, Clade claims that this case is factually distinguishable from Garrett. Indeed, the circumstances here do not suggest vicarious liability for a subcontractor's employee performing his or her job tasks in an unsafe manner; rather, the subcontractor's employee slipped and fell on ice. This is, at its essence, a premises liability case.

The Stadium/Hunt Contract does not specify that the responsibility for snow and ice removal was allocated to Hunt. The provision of the contract identified to the trial court dictates that, "as to boundary coordination issues," Hunt is obligated to "address proper and efficient means of ingress to and egress from the Project site." (App. 57.) Additionally, D.A.G.'s contract with Indiana Stadium provided that D.A.G.'s "access to and egress from the Site shall be via routes designated by the Construction Manager." (App. 63.) Indeed, Hunt does not deny that it had the responsibility to designate the routes of ingress and egress. However, designation of routes and setting of boundaries is not equivalent to the duty of maintenance of those paths. Thus, we look to the summary judgment record to determine whether Hunt, by its conduct, assumed a duty outside its contract.

Hunt claims that, as a general custom and practice, a general conditions contractor on a project, such as D.A.G., has the responsibility for snow and ice removal. Without specifically denying the industry custom, Clade responds that Hunt can point to no provision in D.A.G.'s contract with Indiana Stadium that obligated D.A.G. to perform such services at the Project site. Indeed, Hunt has identified no such contractual provision. What entity

performed these functions is not resolved by a reading of the contracts.

The trial court struck portions of the White affidavit as consisting of impermissible legal conclusions. However, Hunt has directed our attention to the deposition testimony of Kevin Nash ("Nash"), general superintendant through 2008 at the Project. Nash testified that snow and ice was "dealt with" when D.A.G. "cleared it and sanded." (Appellee's App. 8.) He also testified that this was the practice of other contractors:

> If it was your work area, if there was water or ice or snow, it was their responsibility to remove [it] so they had a safe work environment for their workers.

(Appellee's App. 8.) Apparently, this testimony was designated to the trial court, as Clade does not claim otherwise and Hunt relies upon it.

Nonetheless, the deposition testimony that D.A.G. was removing snow and ice from the paths where D.A.G.'s employees accessed the Project at most establishes that D.A.G. was undertaking a duty. It does not establish exclusivity or that Hunt was not also assuming a duty by its conduct. We do not know what entity or entities was clearing the ramp "in the end zone," the subject premises. (Appellee's App. 11.) The summary judgment materials reveal the parties' contracts but do not establish their conduct. Garrett contemplates that a duty may arise from either.

Hunt has failed to negate the element of duty in Clade's negligence action and is not entitled to summary judgment on this basis.

Reversed and remanded for further proceedings consistent with this opinion.

RILEY, J., and CRONE, J., concur.

9