

FILED

May 24 2016, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John R. Helm
Schreckengast & Helm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Andrew B. Janutolo
James A. Goodin
Goodin Abernathy, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kaitlyn Schneider,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Paragon Realty, LLC,<br>*Appellee-Defendant.* | March 24, 2016<br><br>Court of Appeals Case No.<br>32A01-1511-CT-1858<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Mark A. Smith,<br>Judge<br><br>Trial Court Cause No.<br>32D04-1307-CT-94 |

**Najam, Judge.**

## Statement of the Case

[1]     Kaitlyn Schneider appeals the trial court's entry of summary judgment in favor of Paragon Realty, LLC ("Paragon") on Schneider's complaint alleging that, as a result of the negligence of Paragon and other defendants, Schneider sustained personal injuries. Schneider presents a single issue for our review, namely,

whether there exists a genuine issue of material fact precluding summary judgment in favor of Paragon.

We affirm.

## Facts and Procedural History

On October 19, 2011, Schneider consumed five vodka drinks at her home between 6:00 p.m. and 10:00 p.m., when her friend Benjamin Burns picked her up in his car and drove her to Bubbaz Bar & Grill ("Bubbaz") in Camby. Bubbaz is located in a strip mall owned by Heartland Landing II, LLC ("Heartland"). While at Bubbaz, Schneider consumed three beers and three shots of whiskey, and Burns also consumed alcoholic beverages. At approximately 2:00 a.m. on October 20, Schneider and Burns left Bubbaz in Burns' vehicle with Burns driving. At approximately 2:30 a.m., Burns lost control of his car and crashed into a ditch. A chemical test performed on Burns' blood at 4:10 a.m. that morning indicated that his blood alcohol content was .10. Schneider sustained serious injuries as a result of the crash, and she is now a paraplegic.

On October 17, 2013, Schneider filed her second amended complaint[1] against Bubbaz, Paragon, Heartland, and other defendants[2] alleging as follows:

> 3. That agents or employees of the Defendants furnished and served alcoholic beverages to Kaitlyn Schneider and Benjamin Burns with actual knowledge that both Benjamin Burns and Kaitlyn Schneider were visibly intoxicated, and they continued to furnish and serve alcoholic beverages to both Kaitlyn Schneider and Benjamin Burns while they were in an obvious visible state of intoxication in violation of Indiana Statutes.
>
> 4. That agents or employees of the Defendants carelessly and negligently furnished and served alcoholic beverages to Kaitlyn Schneider and Benjamin Burns and continued to serve them alcoholic beverages when they knew or should have known that Benjamin Burns and Kaitlyn Schneider were intoxicated and soon thereafter would be driving in an automobile.
>
> 5. That the Defendants failed to properly hire, train, and supervise their employees.
>
> 6. That the Defendants failed to adequately monitor and supervise their alcohol sales business activities.
>
> 7. That the Defendants and the agents or employees of the Defendants caused and contributed to cause Benjamin Burns and Kaitlyn Schneider to become so intoxicated that they had lost control of their usual physical and mental capabilities.

---

[1] Schneider has not included her original complaint or first amended complaint in her appendix on appeal.

[2] Heartland is Bubbaz' landlord, and Paragon is a property management company hired by Heartland. Neither Bubbaz nor Heartland joined in Paragon's summary judgment motion, and they are not parties to this appeal.

8.  That the Defendants and the agents or employees of the Defendants then allowed Benjamin Burns and Kaitlyn Schneider to leave the premise[s] of the bar, go to Benjamin Burns' car located in the Defendants' parking lot, and Benjamin Burns to drive off with Kaitlyn Schneider as his passenger despite their obvious states of intoxication.

9.  That Benjamin Burns ran off the road in his vehicle a short distance from Bubbaz Bar & Grill and struck a ditch along the side of CR 800 South in Hendricks County, Indiana.

10.  That as a result of this single car collision with the ditch, the Plaintiff, Kaitlyn Schneider, was tragically and permanently paralyzed from the waist down due to a fractured spine caused by the force of the vehicle colliding with the ditch.

11.  That the intoxication of Benjamin Burns was a proximate cause of the collision and the injuries sustained by Kaitlyn Schneider.

12.  That the Defendants failed to use the reasonable and ordinary care necessary to prevent their agents and employees from conducting themselves in such a manner which created an unreasonable risk of harm to the Plaintiff.

13.  That the Defendant and/or their employees or agents were in a habit of misconducting themselves in a manner dangerous to others with respect to the sale and distribution of alcoholic beverages on their property, and they created and maintained a nuisance that was inherently dangerous to the Plaintiff and others.

14. That Defendants . . . are responsible for the acts of their employees and agents under the doctrine of respondeat superior liability.

15. That the Defendants are liable for Kaitlyn Schneider's injuries under the Indiana Dram Shop Act. . . .

16. That the Defendants are liable for Kaitlyn Schneider's injuries under a common law theory of premise[s] liability.

Appellant's App. at 14-15.

On April 1, 2015, Paragon moved for summary judgment alleging that it owed no duty of care to Schneider as a matter of law, and Paragon designated evidence in support of its motion. Schneider filed a memorandum and designated evidence in opposition to the summary judgment motion. In particular, Schneider alleged that Paragon owed her a duty of care as property manager of the mall where Bubbaz was located and/or that Paragon had assumed a duty of care. Following a hearing, the trial court entered summary judgment in favor of Paragon.[3] This appeal ensued.

## Discussion and Decision

Our standard of review is well-settled.

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A

---

[3] This was a final judgment under Trial Rule 54(B).

fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

The initial burden is on the summary-judgment movant to "demonstrate[] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (alterations original to *Hughley*).

[7] Our supreme court recently set out the general law underlying Schneider's negligence claims against Paragon as follows:

The essential elements for a negligence action are "(1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty." *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011) (citing *Caesars Riverboat Casino*, *LLC v. Kephart*, 934 N.E.2d 1120, 1123 (Ind. 2010)). Where there is no duty, there can be no breach, and thus the party cannot be found negligent. *Pfenning*, 947 N.E.2d at 398. Whether a duty exists is generally a question of law for the court. *Id.* In making this determination, "a three-part balancing test developed by this Court 'can be a useful tool.'" *Id.* (quoting

*Kephart*, 934 N.E.2d at 1123) (citing *N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 465 (Ind. 2003)) (referencing the factors enunciated in *Webb*[, 575 N.E.2d 992 at 995]: "(1) the relationship between the parties, (2) the reasonable foreseeability of harm to the person injured, and (3) public policy concerns"). However, this test is only needed "in those instances where the element of duty has not already been declared or otherwise articulated." *Sharp*, 790 N.E.2d at 465; *see also Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1053 (Ind. 2003) ("Where, as in this case, the alleged duty is well-established, there is no need for a new judicial redetermination of duty.").

With respect to claims of liability against an owner for injuries sustained on the premises, the duties of a landowner are well established. "A landowner owes to an invitee or social guest 'a duty to exercise reasonable care for his protection while he is on the landowner's premises.'" *Pfenning*, 947 N.E.2d at 406 (quoting *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991)). To delineate this duty we have adopted the Restatement (Second) of Torts § 343 (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* (quoting *Burrell* at 639-40). Within the contours of this duty, we have held that landowners "have a duty to take reasonable precautions to prevent foreseeable criminal acts against invitees." *L.W. v. Western Golf Ass'n*, 712 N.E.2d 983, 985 (Ind. 1999); *see also Delta Tau Delta, Beta Alpha Chapter v. Johnson*, 712 N.E.2d 968, 973 (Ind. 1999). However, when the landowner is a lessor and the lessee is in operational control of the premises, such duty rarely exists. "[A] landlord under many circumstances has no liability to tenants or others for injuries on the property when the tenant is in full control of the leased premises." *Dutchmen Mfg., Inc. v. Reynolds*, 849 N.E.2d 516, 525 (Ind. 2006). "[I]n the absence of statute, covenant, fraud or concealment, a landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by the tenant or other persons lawfully upon the leased property." *Olds v. Noel*, 857 N.E.2d 1041, 1044 (Ind. Ct. App. 2006) (citation omitted), *trans. not sought*; *cf. Rossow v. Jones*, 404 N.E.2d 12, 14 (Ind. Ct. App. 1980) (holding that a landlord has a duty of reasonable care over common areas or other areas over which the landlord has retained control), *trans. not sought*.

*Yost v. Wabash College*, 3 N.E.3d 509, 515-16 (Ind. 2014).

[8] This is an unusual premises liability case in that Paragon is not a "landowner" but a property management company hired by Heartland, which is the landowner. Indeed, in support of its summary judgment motion, Paragon argued that, as property manager of the mall where Bubbaz is located, it "had no control over the premises or over the events that led to Schneider's injury and was essentially three steps removed from any connection" to Schneider. Appellant's App. at 129. Paragon designated evidence showing that, under its property management contract, its duties entailed the following:

1. To collect rents and fees from tenants;

2. To maintain the property in good condition and effectuate repairs as necessary;

3. Plan and manage capital improvements to the property;

4. To select and employ workmen for the maintenance of the property;

5. To contract with utilities for the property;

6. To pay taxes and mortgages on the property;

7. To deposit monies received on behalf of the owner;

8. To work with tenants and negotiate the Lease Agreements with them. The form of the Lease Agreement was provided by Heartland Landings and Paragon specifically was directed to utilize that form without material change to the terms;

9. To render owner advice regarding matters of property taxes and eminent domain.

*Id.* at 127. Thus, Paragon alleged that it owed no duty of care to Schneider to protect her from the accident in Burns' car.

[9] On appeal, Schneider contends that Paragon owed her a duty of care because she "was an invitee on the property owned or operated or controlled by Paragon[.]" Appellant's Br. at 24. In support of that contention, Schneider directs us to her designated evidence purporting to show that a management agreement between Heartland and Paragon

gave [Paragon] the duty and obligation to maintain, operate, control, and supervise the common areas, including the parking lot in front of the bar, and to hire the necessary employees to police the area and the right to prevent or restrain the use of the common areas by people whose conduct or appearance was objectionable.

Appellant's Br. at 8. Schneider alleges that, in light of its duties and obligations to its invitees, Paragon should have known that Burns was too intoxicated to drive and should have stopped him from leaving the parking lot.

In premises liability cases, whether a duty is owed depends primarily upon whether the defendant was in control of the premises when the accident occurred. *Rhodes v. Wright*, 805 N.E.2d 382, 385 (Ind. 2004). The rationale is to subject to liability the person who could have known of any dangers on the land and therefore could have acted to prevent any foreseeable harm. *Id.* (citing *Harris v. Traini*, 759 N.E.2d 215, 225 (Ind. Ct. App. 2001), *trans. denied*). Here, by virtue of the property management agreement, Paragon was a limited agent of Heartland, Bubbaz' landlord. Paragon's duty to Bubbaz' invitees was explicitly limited to maintaining the physical integrity of the common areas used by invitees. For example, had Schneider tripped over uneven pavement in the parking lot and sustained injuries, Paragon might have been held liable.

In particular, under the property management agreement with Heartland, Paragon agreed in relevant part "to perform certain administrative services," including maintaining "the Property and common areas thereof including . . . parking lots[.]" Appellant's App. at 628. Contrary to Schneider's assertion on

appeal, there is no designated evidence showing that Paragon had a duty or had assumed a duty[4] to "police" the parking lot or any obligation to invitees beyond physical maintenance of the property. Paragon owed no duty of care to Schneider related to the allegations of negligence she asserts in her complaint.[5] Under the circumstances here, we hold, as a matter of law, that Paragon did not owe Schneider a duty to protect her from the dangers associated with getting in a car with an intoxicated driver. The trial court did not err when it entered summary judgment in favor of Paragon.[6]

## *Conclusion*

[12]     Considering the designated evidence on summary judgment, none of Schneider's contentions support a claim against Paragon. As Heartland's property manager, Paragon was responsible for physical maintenance and administrative duties, such as collecting rents. While Schneider was Paragon's invitee with respect to the physical integrity of the common areas outside of

---

[4] Schneider's only contention on the issue of assumption of duty is that Paragon assumed a duty "by entering into the Management Agreement[.]" Appellant's Br. at 22. Because we address Paragon's alleged duty pursuant to that Agreement, we need not make a separate analysis under the law of assumed duty.

[5] Schneider also contends that, even if no duty is established under premises liability law, "a duty can still be found to exist under a *Webb* analysis[.]" Appellant's Br. at 41. However, a *Webb* analysis is only appropriate "in those instances where the element of duty has not already been declared or otherwise articulated." *Sharp*, 790 N.E.2d at 465; *see also Bartolini*, 799 N.E.2d at 1053 ("Where, as in this case, the alleged duty is well-established, there is no need for a new judicial redetermination of duty."). Here, because a landowner's duty to an invitee is established as a matter of law, *Webb* is inapplicable.

[6] Schneider also contends that Paragon acted in a "joint venture or partnership" with the other defendants and Paragon is, therefore, jointly liable for the alleged negligent acts of each of the defendants. Appellant's Br. at 45. We do not address this issue, however, because Schneider does not direct us to any designated evidence to show that Paragon was engaged in a joint venture or partnership with any party.

Bubbaz, there was no contractual or other relationship between the parties with respect to the allegations against Paragon set out in her complaint. Neither as a matter of law nor as a matter of fact did Paragon exercise control over, or have any responsibility for, the manner in which Heartland's tenants conducted their businesses. The trial court properly entered summary judgment in favor of Paragon.

[13] Affirmed.

Robb, J., and Crone, J., concur.