## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 02 2018, 5:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Linda H. Havel
Havel Law Office, PC
Fishers, Indiana

ATTORNEYS FOR APPELLEE MSI EAST GREYHOUND CARMEL GROCERY, LLP

Rori L. Goldman
Brandais H. Hagerty
Hill Knotts & Goldman, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard D. Wakefield, | November 2, 2018 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-CT-1238 |
| v. | Appeal from the Hamilton Superior Court |
| MSI East Greyhound Carmel Grocery, LLP, and Marsh Supermarkets, LLC, | The Hon. Steven R. Nation, Judge |
| *Appellees-Defendants.* | The Hon. Todd Ruetz, Magistrate |
| | Trial Court Cause No. 29D01-1705-CT-4365 |

**Bradford, Judge.**

# Case Summary

[1] In May of 2017, Richard Wakefield sued MSI East Greyhound Carmel Grocery, LLP ("MSI"), and Marsh Supermarkets, LLC ("Marsh"), alleging that he had been injured on land MSI owned and leased to Marsh. Soon after, Marsh filed for bankruptcy. Meanwhile, Wakefield attempted unsuccessfully to serve MSI by serving its registered agent as listed on the Indiana Secretary of State's website. MSI, however, had filed to change its registered agent approximately two weeks before, and there is some reason to believe that there may have been a delay in updating the Secretary of State's online database. Although Wakefield did make some attempt to serve MSI at its principal place of business in New York City, MSI still did not appear. In October of 2017, the trial court entered default judgment against MSI. At this point, Wakefield again checked the Secretary of State's website, which now correctly identified MSI's new registered agent. In December of 2018, MSI moved for relief from judgment, which relief the trial court granted. Wakefield contends that the trial court abused its discretion in granting MSI relief from default judgment. Because we disagree, we affirm.

# Facts and Procedural History

[2] On May 9, 2017, Wakefield sued MSI and Marsh, alleging that he had sustained injuries in January of 2016 after slipping on an icy sidewalk and falling on Hamilton County property owned by MSI and leased to Marsh ("the

Premises"), on which Marsh operated a supermarket.  The lease between Marsh and MSI provided, in part, as follows,

> [Marsh] shall maintain, or cause to be maintained, in good order and condition the Premises, including the Building and any other improvements located thereon, the equipment therein serving the Building, and the other improvements located thereon[.]
>
> [….]
>
> [MSI] shall not be required to furnish any services, utilities or facilities whatsoever to the Premises, nor shall [MSI] have any duty or obligation to make any alteration, change, improvement, replacement, restoration or repair to, or to demolish, the Building or any other improvements presently or hereafter located on the Premises.  [Marsh] assumes the full and sole responsibility for the condition, operation, repair, alteration, improvement, replacement, maintenance and management of the Premises, including any Building or any other improvements.

Appellee's App. pp. 29, 30.

On May 18, 2017, Wakefield attempted to serve MSI with the summons and complaint through MSI's former agent, National Corporate Research, LTD. As it happened, MSI had filed a notice of change of registered agent with the Indiana Secretary of State on May 3, 2017, naming Cogency Global, Inc., as its new agent.  The summons and complaint Wakefield attempted to mail to National Corporate Research were returned labeled as undeliverable.

Meanwhile, on May 19, 2017, Marsh, who had filed for bankruptcy one week before, appeared and filed its notice of automatic stay on behalf of itself and MSI.  MSI was not represented by counsel at this proceeding.  On July 5, 2017, Wakefield moved for relief from the automatic stay as to MSI and certified that

he had attempted to serve MSI with the summons and complaint a second time. Wakefield's attorney indicated in a certificate of reissuance that she had researched MSI and "was directed to a company known as AAG Management" and that when she contacted AAG she was told by a man named Ed Balazs that New-York-City-based attorney John Hughes was authorized to accept service on behalf of MSI. Appellant's App. Vol. II p. 39. Balazs later averred that he had not told Wakefield's attorney that Hughes was authorized to accept service of process on behalf of MSI or that she should serve Hughes with the summons and complaint. Wakefield's attorney did not indicate that she had checked the Secretary of State's website again.

[5] In any event, the July 5, 2017, cover letter for the complaint and summons was addressed to, "John Hughes, Esq., AAG Management, 421 7th Avenue, New York, New York 10001." Appellant's App. Vol. II p. 42. This cover letter did not state that the complaint and summons were enclosed, nor did it include an enclosure notation at the bottom of the letter. On July 10, 2017, Wakefield filed proof of return service and attached a copy of the tracking results from the postal service showing, "Delivered, Front Desk/Reception" to "New York, NY 10001." Appellant's App. Vol. III p. 107. On July 14, 2017, the trial court clerk noted in the chronological case summary that the green card was returned signed by "Patti Mule" on July 5, 2017. Appellant's App. Vol. II p. 4.

[6] Hughes later averred that he had been diagnosed with cancer of the bile duct in December of 2016 and underwent surgery followed by six months of high-dose chemotherapy. Hughes averred that he was out of the office for much of this

time, his office was being downsized and renovated at the time, and his receptionist Mule worked on a different floor of the building from his other two employees. Hughes did not recall ever receiving the summons and complaint in this case and was not authorized to accept service on behalf of MSI in any event. Wakefield did not attempt to serve MSI with the motion for relief from the stay as it had not yet entered an appearance in the case. On August 24, 2017, the trial court lifted the stay as to MSI.

[7] On September 18, 2017, Wakefield moved for default judgment against MSI. As with the motion for relief from stay, Wakefield did not attempt to serve MSI with the motion for default judgment. On October 11, 2017, the trial court entered default judgment in favor of Wakefield against MSI, awarding Wakefield $500,000.00 in damages plus 8% annual interest. On October 19, 2017, Wakefield filed a notice of supplement to a declaration of Wakefield's attorney in which she stated that she had searched the Secretary of State's website on October 11, 2017, and had found out then that Cogency Global was now MSI's registered agent and had been since May 3, 2017. Wakefield's attorney indicated that she had telephoned the Secretary of State's office and had been told that there can be a delay between the time that a foreign company files a request to change its registered agent and when that change appears on the website.

[8] On December 22, 2017, MSI moved to set aside the default judgment pursuant to Indiana Rule of Trial Procedure 60(B)(6) as void for lack of personal jurisdiction; pursuant to Trial Rule 60(B)(1) because the default was entered as

a result of mistake or excusable neglect and MSI could establish a meritorious defense; and pursuant to Trial Rule 60(B)(8) for equitable purposes due to exceptional circumstances justifying relief. On May 7, 2018, the trial court granted MSI's motion to set aside the default judgment, concluding that MSI had "established grounds to set aside the default judgment pursuant to Trial Rules 60(B)(1), 60[(B)](6) and 60[(B)](8) and has also shown a meritorious defense." Order p. 1.

# Discussion and Decision

[9] Wakefield contends that the trial court abused its discretion in granting MSI's motion for relief from judgment. Trial Rule 60(B) provides, in part, that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default[.]" The trial court concluded that MSI was entitled to relief pursuant to three separate provisions of Trial Rule 60(B), including (B)(8), which allows for relief for any reason (other than those mentioned in subsections (B)(1) through (B)(4)[1])

---

[1] Subsections (B)(1) through (B)(4) of Trial Rule 60 provide for relief from judgment on the following bases:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings[.]

justifying relief from the operation of the judgment.  We choose to address this ground first and conclude that it is dispositive.

> The decision of whether [to] grant a Trial Rule 60(B)(8) motion is left to the equitable discretion of the trial court, and is reviewable only for abuse of discretion.  *Gipson v. Gipson*, 644 N.E.2d 876, 877 (Ind. 1994).  "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."  *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016) (internal quotations and citations omitted).  The reviewing court does not reweigh the evidence.  *Gipson*, 644 N.E.2d at 877.
>
> [….]
>
> A motion for relief from judgment filed for reason (8) shall be filed within a reasonable time and must allege a meritorious claim or defense.  Ind. Trial Rule 60(B).  [A] meritorious claim or defense is "one that would lead to a different result if the case were tried on the merits."  *Butler v. State*, 933 N.E.2d 33, 36 (Ind. Ct. App. 2010) (quoting *Bunch v. Himm*, 879 N.E.2d 632, 637 (Ind. Ct. App. 2008)).  Additionally, in order to be granted relief pursuant to Ind. Trial Rule 60(B)(8), the moving party must demonstrate some extraordinary or exceptional circumstances justifying equitable relief.

*State v. Collier*, 61 N.E.3d 265, 268 (Ind. 2016).

## A. Reasonable Time

On October 11, 2017, the trial court entered default judgment in favor of Wakefield against MSI, and MSI moved for relief on December 22, 2017, before three months had elapsed.  We conclude that the trial court was justified in concluding that MSI filed within a reasonable time.

## B. Extraordinary Circumstances

[11] We also conclude that the record is sufficient to support a finding of extraordinary circumstances justifying equitable relief. It is undisputed that MSI updated their registered agent information on May 3, 2017, and that Wakefield filed his suit six days later, unsuccessfully attempting to serve MSI's previous registered agent. Even if we assume that there is a delay in updating online records in the Secretary of State's office, and that this somehow excused Wakefield's failure to serve MSI, this strikes us as a rather inequitable basis for a default judgment against MSI. There is no indication that MSI did anything wrong, and yet it was hit with a rather substantial $500,000.00 judgment with no recourse against Marsh, which is in bankruptcy. The trial court did not abuse its discretion in concluding that the circumstances of this case warranted equitable relief.

## C. Meritorious Defense

[12] Finally, we conclude that the trial court did not abuse its discretion in finding that MSI had shown a meritorious defense. Wakefield sued Marsh and MSI for negligence, a tort that requires proof of "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach." *Rhodes v. Wright*, 805 N.E.2d 382, 385 (Ind. 2004). "In premises liability cases, whether a duty is owed depends primarily upon whether the defendant was in control of the premises when the accident occurred." *Id.* "The rationale is to subject to liability the person who could have known of any dangers on the land and therefore could have acted to

prevent any foreseeable harm." *Id*. "[A] landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by the tenant or other persons lawfully upon the leased property." *Rogers v. Grunden*, 589 N.E.2d 248, 254 (Ind. Ct. App. 1992) (citation omitted), *trans. denied*. "Generally, once possession and control of property have been surrendered, a landlord does not owe a duty to protect tenants from defective conditions." *Id*. (citation omitted).

[13] MSI contends, and Wakefield does not dispute, that MSI had no control over the Premises. The lease between Marsh and MSI explicitly gave full control over, and sole responsibility for the maintenance of, the Premises to Marsh, and there is no indication whatsoever that this contractual arrangement was not followed. Indeed, Wakefield has never claimed that MSI had any control over the Premises, alleging in his complaint that while MSI owned the Premises, "Marsh … is and/or was responsible for maintaining [the Premises] as well as procuring insurance to cover bodily injuries" thereon. Appellant's App. Vol. II p. 12. Without control over the Premises, MSI had no duty to Wakefield to ensure that it was maintained properly. *See, e.g.*, *Yost v. Wabash Coll.*, 3 N.E.3d 509, 516 (Ind. 2014) ("Wabash, as the party moving for summary judgment, established that it was the lessor, and the local fraternity as tenant thus had the exclusive right to possess and control the premises… We therefore find as a matter of law that Wabash did not have a duty to protect Yost from the injuries he claims [he suffered at the fraternity]."). The trial court did not abuse its discretion in concluding that MSI had shown a meritorious defense to

Wakefield's negligence action. In summary, we conclude that the trial court did not abuse its discretion in granting MSI's request for relief from judgment on Trial Rule 60(B)(8) grounds.

[14] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.